UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10291-RGS |
| | ) | |
| MAURICE DUBOSE | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Maurice Dubose, submits this memorandum to assist the Court in sentencing.  For the reasons that follow, defendant submits that the fifteen-year sentence mandated by the Armed Career Criminal Act (ACCA) is inapplicable to him because such a sentence is based on prior convictions not alleged in the indictment, not proven to a jury, and not admitted to at the Rule 11 hearing.  The Court should therefore sentence defendant without regard to the statutory minimum using the applicable guideline sentencing range of 77-96 months.

**PROCEDURAL HISTORY**

On April 5, 2004, Dubose pled guilty to a single count of 18 U.S.C. § 922(g), charging him with being a felon in possession of a firearm.  While the indictment alleges that Dubose was a felon at the time of the offense, it does not allege any violent felonies or serious drug offenses.  The parties entered into a plea agreement which specified that, under current case law, defendant's prior convictions qualified him for treatment under the ACCA.  In the plea agreement, however, Dubose reserved the

right that application of the ACCA violated his <u>Fifth</u> and <u>Sixth</u>
<u>Amendments</u> to the U.S. Constitution.

At the plea hearing, Dubose admitted that he was a felon at
the time of the possession of the firearm.  Dubose did not,
however, admit to any specific prior felonies or that he was an
Armed Career Criminal.

The Probation Department issued its draft Presentence Report
that identified three predicate violent felonies or serious drug
offenses and concluded that Dubose is an Armed Career Criminal
subject to the fifteen-year mandatory minimum sentence specified
in the ACCA.  Defendant has objected to the PSR's conclusion that
the ACCA applies to him.

**ARGUMENT**

In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the
Supreme Court found those provisions of the Federal Sentencing
Reform Act of 1984 calling for mandatory Guidelines sentences
based on judicial fact-finding incompatible with the Sixth
Amendment.  <u>Id.</u> at 756.  In so doing, however, <u>Booker</u>, like
<u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Blakely v.</u>
<u>Washington</u>, 124 S. Ct. 2531 (2004) before it, expressly created
an exception from its <u>Sixth</u> <u>Amendment</u> holding for facts of prior
conviction, stating, "[a]ny fact <u>(other than a prior conviction)</u>
that is necessary to support a sentence exceeding the maximum
authorized by the facts established by a plea of guilt or a jury

verdict must be admitted by the defendant or proved to a jury

beyond a reasonable doubt." Booker, 125 S. Ct. at 756 (emphasis

added). But this exception is not consistent with the broad

reasoning of all three cases, which would seem to require that

any fact increasing the sentence range must be either admitted or

proven to the jury. See Apprendi, 530 U.S. at 499-523 (Thomas,

J., concurring).

In Shepard v. United States, 125 S. Ct. 1254 (2005), decided

after Booker, the Court strongly suggested that the prior

conviction exception should be viewed narrowly and that

Almendarez-Torres v. United States, 523 U.S. 224 (1998), on which

the exception is based, may soon be overturned. In section III

of Shepard, which only commanded a four-justice plurality,

Justice Souter explained that, in addition to relying on the

questionable Almendarez-Torres line of cases, the Court's holding

limiting the scope of judicial fact-finding regarding prior

convictions was required by the "rule of reading statutes to

avoid serious risks of unconstitutionality." 125 S. Ct. At 1263.

He explained that judicial fact-finding about disputed prior

conviction "raises the concern underlying Jones [v. United

States, 526 U.S. 227, 243 n.6 (1999)] and Apprendi: the Sixth and

Fourteenth Amendments guarantee a jury's finding of any disputed

fact essential to increase the ceiling of a potential sentence."

Id. at 1262. Justice Souter than noted that the dissent charges

the Court's decision "may portend the extension of Apprendi . . .

to proof of prior convictions." Id. at 1263 n.5. Justice Souter

did nothing to dispel this impression, but instead observes that

any risk that a defendant might be prejudiced by proof of prior

convictions to the jury could easily be addressed by the

defendant waiving the right to have the jury decide that issue.

The fair implication of this plurality opinion is that any

judicial fact-finding that strays beyond the "fact of prior

conviction," whether that be facts regarding the nature of the

offense, probationary status, or release date from custody risks

constitutional infirmity. Justice Thomas concurred in the other

parts of Shepard but did not join in Part III only because it did

not go far enough. Thomas stated that "a majority of the Court

now recognizes that Almendarez-Torres, was wrongly decided," and

he would find the ACCA unconstitutional as applied to Shepard

because it requires an increase in the sentence based on facts

(i.e., the prior convictions) not admitted by the defendant or

proven to a jury. Shepard, 125 S. Ct. At 1264 (Thomas, J.

Concurring).

The four-judge plurality, along with Justice Thomas's now

oft-repeated statements that Almendarez-Torres was wrongly

decided, dictates that a statutory enhancement based on

judicially-found prior convictions is unconstitutional. Cf.

United States v. Schlifer, 403 F.3d 849, 852 (7th Cir.

2005)(recognizing that <u>Shepard</u> calls <u>Almendarez-Torres</u> into
question but ruling that prior conviction exception applies to
<u>guidelines</u>, rather than statutory, enhancement).  Instead, where,
as here, the prior convictions raise both the maximum sentence
(from ten years up to life) and the minimum mandatory sentence,
such convictions must be charged in the indictment and proven to
the jury beyond a reasonable doubt.  In the instant matter, the
government's failure to allege the predicate convictions and
prove them beyond a reasonable doubt at trial or plea therefore
renders the ACCA inapplicable to Dubose.

Although defendant submits that <u>Almendarez-Torres</u> will
ultimately be overruled by the Supreme Court, this Court need not
overrule <u>Almendarez-Torres</u> in order to find application of the
ACCA unconstitutional as to Dubose.  This is so because the
decision in <u>Almendarez-Torres</u> was limited to the particular facts
and the <u>Fifth</u> <u>Amendment</u> claim raised there.  In <u>Almendarez-</u>
<u>Torres</u>, the defendant admitted in the course of pleading guilty
to violating 8 U.S.C. § 1326 that he had been deported pursuant
to three earlier felony convictions.  523 U.S. at 227.  For this
reason, as the Court in <u>Apprendi</u> noted, <u>Almendarez-Torres</u> raised
"no question concerning the right to a jury trial or the standard
of proof that would apply to a contested issue of fact."
<u>Apprendi</u>, 530 U.S. at 288.  The only issue in <u>Almendarez-Torres</u>,
was whether under the <u>Fifth</u> <u>Amendment</u> the prior convictions

should have been charged in the indictment.  Since, unlike here,

the Sixth Amendment jury trial issue was not factually or legally

presented in Almendarez-Torres, the decision must be viewed only

as a limited ruling on the Fifth Amendment indictment issue.

Thus,  Almendarez-Torres does not preclude application of

Apprendi's Sixth Amendment ruling to prior convictions.

In sum, this Court should deem the ACCA inapplicable to

Dubose and should sentence him without regard to the increased

statutory maximum and minimum sentences mandated in it.

**CONCLUSION**

For the foregoing reasons, this Court should impose a

sentence of not greater than the ten-year statutory maximum

pursuant to 18 U.S.C. § 922(g) using the advisory guideline

sentencing range of 77-96 months with a three-year period of

supervised release with whatever conditions the Court deems

necessary.

> MAURICE DUBOSE
> By his attorney,
>
>
> /s/ Timothy Watkins
> Timothy Watkins
>  B.B.O. #567992
> Federal Defender Office
> 408 Atlantic Ave., Third Floor
> Boston, MA  02110
> (617) 223-8061

July 5, 2005