UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                            CRIMINAL NO. 04-10291-RGS

MAURICE DUBOSE

_____

UNITED STATES' RESPONSE TO DEFENDANT'S
SENTENCING MEMORANDUM

The United States respectfully submits this response to defendant's sentencing memorandum in which he argues that because his prior convictions were not alleged in the indictment, proven to a jury, or admitted at his change of plea, he should not be subject to the mandatory minimum 15-year sentence under the Armed Career Criminal Act (ACCA). The government urges the Court to reject this argument and sentence the defendant to 15 years' imprisonment.

Discussion

Dubose claims that his sentence cannot exceed the statutory maximum of ten years' imprisonment for a violation of 18 U.S.C. 922(g), and asserts that he should be sentenced within a guidelines range of 77 to 96 months. He argues that he should not be sentenced to a mandatory minimum sentence of 15 years' imprisonment as an Armed Career Criminal because he did not admit the prior convictions[1], nor were they proven to a jury beyond a reasonable doubt. The

---

[1] The defendant acknowledges that in his plea agreement, however, the parties agreed that the defendant's prior convictions qualified him for treatment as an Armed Career Criminal. That is, although he did not admit to any specific prior felonies at his change of plea, the plea agreement provides that: "[t]he parties agree to take the position that the Defendant is an Armed Career Criminal pursuant to U.S.S.G. §4B1.4, 18 U.S.C. §§922(g) & 924(e), and current case law." Plea agreement at ¶3(a).

defendant recognizes that in Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court rejected this argument and that subsequent cases have repeatedly reaffirmed that a defendant's prior convictions may be used to enhance his/her sentence without either being charged, admitted to, or proven to a jury.  Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")(emphasis added);  United States v. Booker, 125 S.Ct. 738, 756 (2005)("[W]e reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); Blakely v. Washington, 124 S.Ct. 2531, 2536 (2004)(applying rule of Apprendi that facts "other than the fact of a prior conviction" which increase the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.)   The First Circuit also has likewise continued to recognize that prior convictions may be used to enhance a defendant's sentence without being proven to a jury or admitted by the defendant. United States v. Work, 409 F.3d 484, 491 n.1 (1st Cir. 2005) ("The rationale of Apprendi and therefore of Blakely simply does not affect sentence-enhancement provisions premised upon a defendant's prior criminal convictions"); United States v. Lewis, 406 F.3d 11, 21 n. 11 (1st Cir. 2005) (in ACC context, noting that "prior criminal convictions are not facts that a jury must find beyond a reasonable doubt"); United States v. Stearns, 387 F.3d 104, 107 (1st Cir. 2004) (rejecting defendant's claims relating to ACC sentencing, stating  "the Blakely decision does not encompass sentencing enhancements based upon 'the fact of prior conviction,' which is not the

type of circumstance which the Sixth Amendment mandates be determined by a jury, rather than the sentencing court"); United States v. Henderson, 320 F.3d 92, 110 (1st Cir. 2003) ("We have consistently observed with a 'regularity bordering on the monotonous,' that Apprendi does not apply to sentencing enhancements based on prior convictions") (citations omitted).

      The defendant makes two arguments in support of his position. First, he contends that Shepard v. United States, 125 S.Ct. 1254 (2005), suggests that Almendarez-Torres will soon be overruled and that in any event, Almendarez-Torres does not foreclose this court from finding that the ACCA is unconstitutional as applied to him because Almendarez-Torres is limited to the facts of that case, that is, where the defendant admitted the prior convictions. Both arguments are without merit and should be rejected by this Court.

      First, the plurality in Shepard reiterated that "any fact *other than prior conviction* sufficient to raise the limit of the possible federal sentence must be found by a jury, in the absence of any waiver of rights by the defendant." 125 S.Ct. at 1262 (emphasis added). And although Justice Thomas noted in his concurring opinion his view that a majority of the Court believes Almendarez-Torres was "wrongly decided," the fact remains that Almendarez-Torres has not been overturned and is controlling precedent. It is up the Supreme Court alone to reject Almendarez-Torres if that is what the Court decides to do. See State Oil Co. v. Khan, 522 U.S. 3, 20 (1997)("[I]t is [the Supreme Court's] prerogative alone to overrule one of its precedents"); Agostini v. Felton, 521 U.S. 203, 237 (1997)(reaffirming that courts of appeals should "leav[e] to this Court the prerogative of overruling its own decisions" even if such a decision "appears to rest on reasons rejected in some other line of decisions"); Figueroa v. Rivera, 147 F.3d 77, 81 (1st Cir. 1998)(noting that the Supreme Court has "admonished the lower federal courts to follow its

3

directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions.")

The defendant also argues that this Court may find the ACCA unconstitutional as applied to him without violating the ruling in Almendarez-Torres because that decision was limited to the "particular facts" of that case, where a defendant admitted the prior convictions, and to the Fifth Amendment claim raised in that case. Leaving aside the fact that the defendant here admitted pursuant to his plea agreement that his prior record did qualify him as an Armed Career Criminal and that he would therefore be in precisely the same situation as the defendant in Almendarez-Torres, the argument that such admission is a necessary prerequisite to a sentence enhancement was flatly rejected by the First Circuit in United States v. Gomez-Estrada, 273 F.3d 400, 401-02 (1st Cir. 2001). In that case, the defendant was charged with illegal reentry after deportation. He did not admit the prior aggravated felony at either his plea or sentencing hearing. Nevertheless, the First Circuit concluded:

> We hold unequivocally that Apprendi neither overruled Almendarez-Torres nor limited Almendarez-Torres to cases in which the defendant admits a prior aggravated felony conviction on the record. . . . It follows inexorably that the district court appropriately enhanced the appellant's sentence for unlawful reentry on the basis of his prior conviction for an aggravated felony even though the existence of that conviction was not admitted by the appellant, nor charged in the indictment, nor proved to a jury beyond a reasonable doubt.

273 F.3d at 402.

Here, the defendant admitted pursuant to his plea agreement that he is an Armed Career Criminal under the statute, guidelines and caselaw. Even without such an admission, the law is clear that a defendant's prior convictions need not be charged, admitted or proven to a jury in

order to enhance the defendant's sentence.  The Court here may, and should,  properly determine that Dubose's prior convictions for manufacturing a Class B controlled substance (cocaine), possession of a Class B controlled substance (cocaine) with intent to distribute, and armed robbery trigger the application of the Armed Career Criminal Act.

WHEREFORE, for the foregoing reasons, the United States respectfully urges the Court to find that the defendant is an Armed Career Criminal and to sentence him to 15 years' imprisonment.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Sandra S. Bower
SANDRA S. BOWER
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210