UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10291-RGS
CIVIL ACTION NO. 16-11214-RGS

UNITED STATES

v.

MAURICE DUBOSE

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR COLLATERAL RELIEF

December 19, 2016

STEARNS, D.J.

Petitioner Maurice Dubose brings this petition for collateral review pursuant to 18 U.S.C. § 2255, arguing that his sentence has been rendered unconstitutional by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In that case, the Supreme Court ruled that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), failed constitutional scrutiny, a holding later made retroactive to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016). For the following reasons, the court grants the petition.

Dubose pled guilty before this court on April 5, 2005, to a single count of being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). He was

classified as an armed career criminal under the residual clause of the ACCA because of three prior then-qualifying Massachusetts convictions: (1) manufacturing a class B controlled substance; (2) possession of a class B controlled substance with intent to distribute (cocaine); and (3) armed robbery. The court sentenced Dubose to the mandatory minimum of fifteen years in prison, followed by three years of supervised release.

Classification as a career criminal under the ACCA requires three predicate offenses. 18 U.S.C. § 924(e)(1). Both Dubose and the government agree that his two drug offenses are still ACCA predicates as "serious drug offense[s]." *See id.* § 924(e)(2)(A). The only dispute is whether the crime of armed robbery under Massachusetts law qualifies as a predicate offense under the ACCA's "force clause." This clause provides that the term "violent felony" includes offenses which have "as an element the use, attempted use, or threatened use of force against the person of another." *Id.* § 924(e)(2)(B)(i).

At the outset, the government contends that Dubose has procedurally defaulted this argument by failing to raise it at his initial sentencing. This court has rejected that argument on multiple occasions, as have other judges in this district. *See, e.g.*, *United States v. Brown*, No. 03-cr-10067-RGS, Dkt #202 (D. Mass. Oct. 14, 2016); *United States v. Aponte*, No. 11-cr-30018-

MAP, 2016 WL 5338505, at *1 (D. Mass. Sept. 22, 2016); *Turner v. United States*, No. 03-cr-10166-PBS, Dkt #218 (D. Mass. Apr. 6, 2016); *McFarlane v. United States*, No. 05-cr-10130-RWZ, Dkt #73 (D. Mass. Jan. 12, 2016); *see also United States v. Sabetta*, No. 00-cr-135-S-PAS, 2016 WL 6157454, at *10-12 (D.R.I. Oct. 24, 2016). Nothing in this case compels a different conclusion.

Turning to the merits, in determining whether an offense qualifies as a crime of violence, a district court is instructed to apply the so-called "categorical approach."[1] *United States v. Ramos-Gonzalez*, 775 F.3d 483, 504 (1st Cir. 2015). Under that approach, the facts underlying a defendant's conviction are not considered. *Mathis v. United States*, 136 S. Ct. 2243, 2252 (2016). Instead, the court examines the elements of the offense to determine if "a person convicted of the offense has 'necessarily' been found guilty of [violent] conduct." *United States v. Martinez*, 762 F.3d 127, 133 (1st Cir. 2014). To qualify as a "violent felony" under the ACCA, an offense must have as an element "*violent* force—that is, force capable of causing physical pain

---

[1] Where a statute creates two separate sets of elements for a single crime (effectively creating two different offenses with the same name), courts are instead to employ the "modified categorical approach." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). In responding to Dubose's petition, the government does not contend that the modified categorical approach applies to the Massachusetts armed robbery statute.

or injury to another person." *Johnson v. United States (Johnson I)*, 559 U.S. 133, 140 (2010). If it is possible for a defendant to be convicted of an offense without "the use, attempted use, or threatened use of physical force," the crime is categorically overbroad and cannot therefore serve as an ACCA predicate. *See United States v. Whindleton*, 797 F.3d 105, 114 (1st Cir. 2015), *cert. denied*, 137 S. Ct. 179 (2016).

Under Massachusetts law, armed robbery is defined as the offense of robbery while in possession of a dangerous weapon. Mass. Gen. Laws ch. 265, § 17. A robbery can be committed in two ways: either "by force and violence" or "by assault and putting in fear." Mass. Gen. Laws ch. 265, § 19. The First Circuit has unambiguously held that the latter form of robbery involves a "threatened use of physical force" sufficient to serve as an ACCA predicate, *United States v. Luna*, 649 F.3d 91, 108-109 (1st Cir. 2011), and Dubose does not argue otherwise. Instead, Dubose advances the counterargument that armed robbery committed "by force and violence" does not (necessarily) have "as an element the use, attempted use, or threatened use of force" within the meaning of *Johnson I*.

Despite its facial incongruity, this argument has won acceptance in the Ninth Circuit, *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016), and the court finds the reasoning of that case persuasive in light of two unusual

4

features of armed robbery in Massachusetts.[2] The first is that Massachusetts has adopted a minority rule about the degree of force required to satisfy the "force and violence" element of the offense: "the degree of force is immaterial so long as it is sufficient to obtain the victim's property 'against his will.'" *Commonwealth v. Jones*, 362 Mass. 83, 87 (1972) (quoting Mass. Gen. Laws ch. 277, § 39); *accord Commonwealth v. Joyner*, 467 Mass. 176, 187 (2014); *Commonwealth v. Sheppard*, 404 Mass. 774, 778 (1989).

Consequently, the crucial consideration separating a robbery from a larceny under Massachusetts law is whether "the victim is aware of the application of force which relieves him of his property." *Id.* at 89. Thus, a perpetrator can commit a robbery by "the bare act of snatching a purse from the hand of a victim, in the absence of any prior awareness by the victim of the impending act." *Commonwealth v. Brown*, 2 Mass. App. Ct. 883, 883 (1974). This is a marked departure from the law of most states, in which purse-snatching and other thefts involving a *de minimis* use of force are not considered to be robbery. *See, e.g.*, *State v. Sein*, 590 A.2d 665 (N.J. 1991); *see also Commonwealth v. Zangari*, 42 Mass. App. Ct. 931, 932 (1997) (Massachusetts "firmly adopted" the rule "in the face of contrary authority").

---

[2] The District of Columbia Circuit has since adopted *Parnell's* reading of the Massachusetts armed robbery statute. *See United States v. Redrick*, 841 F.3d 478, 484 (D.C. Cir. 2016).

Minimal contact, of course, does not involve the "violent force" requisite under the ACCA's force clause. *See Johnson I*, 559 U.S. at 139 (the force clause does not encompass crimes based on "even the slightest offensive touching"); *Parnell*, 818 F.3d at 979-980.

The second unusual feature of Massachusetts armed robbery is that a dangerous weapon need play no part in the robbery itself, nor need the victim even be aware of its presence. *See King v. McEachern*, 665 F.3d 247, 253 & n.7 (1st Cir. 2011) (collecting cases). This makes armed robbery unlike other offenses in Massachusetts, such as assault with a dangerous weapon, where the presence of the weapon "imports the 'violent force' required by *Johnson* into" an otherwise overbroad statute. *Whindleton*, 797 F.3d at 114.

The government's first counterargument is that the First Circuit's decision in *Luna* forecloses Dubose's argument. The argument overreads *Luna*. In that case, the appellant contended that because the Massachusetts statute includes an armed robbery based on "threatening words or gestures," the offense did not satisfy the force clause. 649 F.3d at 108. The First Circuit rejected this argument, and added, without discussion of the relevant Massachusetts case law, a passing comment that the appellant had "provided no reason for us to conclude that the type of force involved in armed robbery is not" the sort of violent force required by *Johnson I*. *Id.* at 108. That

question was not briefed in *Luna*, and the dictum from the Circuit is not binding on this court.

Second, the government argues that the Massachusetts armed robbery statute involves violent force because committing a robbery necessarily demonstrates that the robber is willing to use violent force to commit the offense. *Jones*, 362 Mass. at 88-89 ("[T]he law has singled out the robber from other thieves because of his readiness to inflict bodily injury upon his victims."). Therefore, the argument goes, by using force sufficient to put the victim on notice that a theft has occurred, the robber silently makes a threat of force sufficient to satisfy the ACCA.

Although accurate as a description of the mine-run of armed robbery cases, the government's argument fails under the elements test developed by the Supreme Court. The government's argument would work "[i]f every robbery involved an implied threat of violent force," because under those circumstances "every victim would be placed in fear." *Parnell*, 818 F.3d at 980. Such is not the case under Massachusetts law, however: a robbery may be committed even if the victim is not placed in fear. *Jones*, 362 Mass. at 86; *Brown*, 2 Mass. App. Ct. at 883. Similarly, there is no requirement that the jury find that the robber actually harbored a willingness to inflict bodily harm or otherwise use violent force against a victim. All that is required is a

showing of *de minimis* force, which is insufficient to clear the threshold established in *Johnson I.*

I agree that to the proverbial man in the street, the notion that an armed robbery is not deemed by the law to be a violent crime is lawyerly gobbledygook. Were I writing on a clean slate, I would agree. But in light of the metaphysical approach taken by the Supreme Court in *Mathis* and *Descamps* distinguishing indivisible from divisible elements in a given statute, the court is precluded from investigating the underlying facts to determine whether the oddities of Massachusetts law actually apply in petitioner's case.

## ORDER

For the foregoing reasons, Dubose's petition for collateral relief is <u>GRANTED</u>. Dubose's sentence is <u>VACATED</u> and he is re-sentenced in accordance with the corrected sentence issued today.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE